[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2001
THOMAS K. KAHN
CLERK

_____

Nos. 99-11736, 99-13148

_____

D. C. Docket No. 97-00182-CV-4

CLARENCE EDGAR MURPHY,

Plaintiff-Appellee,

versus

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

**(April 20, 2001)**

Before BIRCH and BLACK, Circuit Judges, and NESBITT[*], District Judge.[**]

BLACK, Circuit Judge:

_____

[*]Honorable Lenore C. Nesbitt, U.S. District Judge for the Southern District of Florida, sitting by designation.

[**]Judge Nesbitt did not participate in this decision. This decision is rendered by a quorum. 28 U.S.C. § 46(d).

Appellant Reliance Standard Insurance Company appeals from the district court's order awarding Appellee Clarence Edgar Murphy disability benefits, attorney's fees, and costs under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. We affirm in part, reverse in part, and remand.

I.

Appellee filed this action to recover disability benefits under ERISA. The district court determined Appellee was entitled to $300,000 in benefits from Appellant. In addition, the court determined Appellee was entitled to a reasonable attorney's fee and costs pursuant to ERISA's attorney's fee provision, 29 U.S.C. § 1132(g)(1).[1] In calculating the fee, the district court considered the itemized costs submitted by Appellee's attorney and the terms of the contingent fee contract agreed to by Appellee and his attorney.

On appeal, Appellant raises the following three issues: (1) whether the district court properly determined Appellee was entitled to benefits; (2) whether the district court properly determined Appellee was entitled to a reasonable attorney's fee and costs; and (3) whether the district court properly considered the contingency fee

---

[1] 29 U.S.C. § 1132(g)(1) provides in relevant part: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

agreement in calculating the attorney's fee. We affirm without discussion the first two issues raised by Appellant. *See* 11th Cir. R. 36-1. For the reasons discussed below, we reverse and remand for recalculation of the fee award without an enhancement for contingency.

## II.

In calculating the attorney's fee award, the district court considered the terms of the contingent fee contract agreed to by Appellee and his attorney. The court did so in reliance on *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842 (11th Cir. 1990). In *Curry*, this Court held that the district court did not abuse its discretion by enhancing an award for attorneys' fees based on a contingency fee arrangement, explaining that "without such enhancement ERISA cases would not attract competent counsel." 891 F.2d at 850. This Court's holding in *Curry*, however, predates the Supreme Court's ruling in *City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638 (1992), which called into question the use of contingency enhancements under federal fee-shifting statutes. Accordingly, we must reconsider, in light of *Dague*, whether a district court may consider a contingency fee arrangement when calculating a fee award under ERISA's attorney's fee provision.

In *Dague*, the district court, after ruling for the respondents on the merits, determined that the respondents were entitled to reasonable attorneys' fees under the

3

relevant statutes, 33 U.S.C. § 1365(d) (Clean Water Act) and 42 U.S.C. § 6972(e) (Solid Waste Disposal Act). The district court calculated the fee award by enhancing the lodestar amount by 25%. The district court reasoned that the respondents' attorneys were retained on a contingent-fee basis and that, absent a fee enhancement, the respondents would have faced substantial difficulties in obtaining suitable counsel. The Court of Appeals affirmed the fee award. The Supreme Court reversed, holding, *inter alia*, that an enhancement for contingency is not permitted under the fee-shifting provisions of the Clean Water Act and the Solid Waste Disposal Act. *Dague*, 505 U.S. at 567, 112 S. Ct. at 2643-44.

In *Dague*, the Court noted that the fee-shifting language in the Clean Water Act and Solid Waste Disposal Act "is similar to that of many other federal fee-shifting statutes" and that "our case law construing what is a 'reasonable' fee applies uniformly to all of them." 505 U.S. at 562, 112 S. Ct. at 2641. The language of the fee provisions at issue in *Dague* is substantially similar to the fee provision at issue in this case, and the rationale set forth in *Dague* applies with equal force to actions brought under ERISA.[2] Accordingly, we hold that a contingency fee enhancement is

_____

[2]Both fee shifting provisions at issue in *Dague* authorized a court to "award costs of litigation (including reasonable attorney . . . fees)" to a "prevailing or substantially prevailing party." 42 U.S.C. § 6972(e); 33 U.S.C. § 1365(d). The statutory language in the fee provision of ERISA, at issue in this case, provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

4

improper under ERISA's attorney's fee provision. Our holding is in accord with other circuits that have addressed this issue. *See e.g., Elmore v. Cone Mills Corp.*, 23 F.3d 855, 863 n.8 (4th Cir. 1994) (noting the applicability of *Dague* to ERISA's attorney's fee provision and the inappropriateness of enhancement based on risk contingency); *Cann v. Carpenters' Pension Trust Fund for Northern Cal.*, 989 F.2d 313, 318 (9th Cir. 1993) (applying *Dague* to ERISA's attorney's fee provision, and holding fee could not properly be enhanced for contingency); *Drennan v. General Motors Corp.*, 977 F.2d 246, 254 (6th Cir. 1992) (stating attorneys' fees were invalid to the extent they were enhanced under ERISA, and reversing and remanding for findings of fact and statement of reasons).[3]

## III.

We AFFIRM the district court's determination that Appellee is entitled to recover $300,000 in disability benefits under ERISA. We AFFIRM the district court's determination that Appellee is entitled to a reasonable attorney's fee and costs. We

---

[3]We are aware that the Seventh Circuit has permitted an enhancement for contingency in an ERISA class action that resulted in the creation of a common fund. *See Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998) (risk multipliers are appropriate in cases that are initiated under ERISA and settled with the creation of a common fund); *Florin v. Nationsbank of Ga.*, 34 F.3d 560, 564-65 (7th Cir. 1994) (same). In permitting the enhancement, however, the Seventh Circuit made clear that the award in a common fund case is made pursuant to the principles of equity, and not under ERISA's fee provision. *See Cook* 142 F.3d at 1014 (noting "there is ample reason to conclude that Congress (and the Supreme Court in *Dague*) did not intend to foreclose resort to equitable powers in common fund cases"). The case before us today is not an ERISA class action resulting in the creation of a common fund. Thus, we need not address whether a court, acting pursuant to the principles of equity, could apply an enhancement in such a case.

REVERSE and REMAND for recalculation of the fee award, without an enhancement for contingency.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.